T.C. Memo. 2000-277

UNITED STATES TAX COURT

HUBERT R. G. RANEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18200-98.                    Filed August 30, 2000.

Hubert R. G. Raney, pro se.

J. Scot Simpson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge: Respondent determined deficiencies in
petitioner's Federal income taxes and additions to tax as
follows:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(f) | Sec. 6654(a) |
| 1994 | $7,991 | $5,856 | $404 |
| 1995 | 8,166 | 6,119 | 442 |
| 1996 | 8,168 | 6,042 | 428 |

The issues for decision are: (1) Whether petitioner received taxable wage and pension income during each of the years in issue; (2) whether petitioner is liable for additions to tax under section 6651(f)[1] for fraudulent failure to file income tax returns for the years in issue; and (3) whether petitioner is liable for the additions to tax under section 6654(a) for failure to pay estimated tax for the years in issue.

When this case was called for trial, respondent moved, pursuant to Rule 91(f), to compel petitioner to enter into a proposed stipulation of facts. After hearing the parties on the motion, we determined that there was no real dispute about the facts proposed for stipulation and that there was no good reason why the facts and exhibits attached to the stipulation should not be made part of the evidentiary record. We therefore granted respondent's motion and deemed the matters contained in the proposed stipulation to be facts for purposes of this case. See Rule 91(f). After we granted the motion, the parties decided that they would not call any witnesses, and the case was submitted on the stipulated facts.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

- 3 -

FINDINGS OF FACT

Petitioner resided in Tampa, Florida, at the time he filed his petition.  Petitioner was married and had no dependent children during the years in issue.

Petitioner was employed by the U.S. Postal Service.  During the years 1994, 1995, and 1996, petitioner received wage income from the U.S. Postal Service in the amounts of $34,490, $35,261, and $35,428, respectively.  Petitioner received Forms W-2, Wage and Tax Statement, from the U.S. Postal Service reflecting these wages.  Petitioner also received pension income from the Defense Finance and Accounting Service for the years 1994, 1995, and 1996 in the amounts of $6,258, $6,420, and $6,591, respectively.

Petitioner provided the U.S. Postal Service with Forms W-4, Employee's Withholding Allowance Certificate, dated February 15, 1994, and April 7, 1993; he claimed 15 withholding allowances on each form.  The U.S. Postal Service withheld Federal income taxes from petitioner's wages in the amounts of $183.95, $7.84, and $112 for the years 1994, 1995, and 1996, respectively. Petitioner made no estimated tax payments for the years in issue.

Petitioner sent Forms 1040, U.S. Individual Income Tax Return, to respondent for the years in issue.  The Forms 1040 were received by the Internal Revenue Service on December 17, 1997.  On those Forms 1040, petitioner reported no income. Respondent did not accept the above-referenced Forms 1040 as tax

returns.  Petitioner has not filed any other income tax returns for the years in issue.

In correspondence with respondent, petitioner indicated that he did not believe that the tax laws required him to pay tax on the income that he received.  Petitioner continues to take that position in his brief.

OPINION

Petitioner received wage income from the U.S. Postal Service during each of the years 1994, 1995, and 1996 in the respective amounts of $34,490, $35,261, and $35,428.  Petitioner also received pension income during 1994, 1995, and 1996 in the respective amounts of $6,258, $6,420, and $6,591.[2]  Petitioner generally argues that no act of Congress authorizes taxation of these amounts.  We disagree.  All these amounts constitute gross income under section 61.  Petitioner's arguments to the contrary are wholly without merit and not worthy of further analysis.  We hold that petitioner has deficiencies in income taxes in the amounts determined in the notice of deficiency.

Respondent also determined that petitioner is liable for additions to tax pursuant to section 6651(f) for fraudulent failure to file returns for each of the years in issue.  The

---

[2]In computing the amount of the deficiencies, respondent determined that petitioner was liable for an increase in tax of 10 percent on the pension distributions pursuant to sec. 72(t). Petitioner has not disputed this and offered no evidence on this point.

existence of fraud is a question of fact to be resolved upon consideration of the entire record.  See  Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Estate of Pittard v. Commissioner, 69 T.C. 391 (1977).  Fraud is not to be imputed or presumed, but rather must be established by independent evidence of fraudulent intent.  See Beaver v. Commissioner, 55 T.C. 85, 92 (1970); Otsuki v. Commissioner, 53 T.C. 96 (1969).  Fraud may not be found under "circumstances which at the most create only suspicion."  Davis v. Commissioner, 184 F.2d 86, 87 (10th Cir. 1950); Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989).

A finding of fraud requires proof of specific intent to evade a tax believed to be owing.  If an understatement of tax is caused by a good faith misunderstanding of the tax laws, the understatement would not be due to fraud.  See Niedringhaus v. Commissioner, 99 T.C. 202, 217 (1992).  A good faith misunderstanding for this purpose can exist even if the misunderstanding is objectively unreasonable.  See id. at 216-217.  We have cautioned, however, that a good faith misunderstanding of the law is different than disagreement with the law or a belief that the law is or may be unconstitutional.  See id. at 217-218.

The main thrust of petitioner's position in this case is that the tax laws do not require him to pay taxes on the income that he received. While we believe that petitioner's position is objectively unreasonable, the sparse evidence in the record before us does not clearly and convincingly negate petitioner's implicit claim that he was acting on his good faith understanding of the law. Of course, we may question whether petitioner's purported misunderstanding of the law was the product of good faith. However, suspicions are not a substitute for evidence.[3] See id. at 210. Respondent bears the burden of proving fraudulent intent by clear and convincing evidence. See sec. 7454(a); Rule 142(b). Respondent has not done so. We therefore hold that petitioner is not liable for the additions to tax under section 6651(f).[4]

Petitioner bears the burden of proof regarding the section 6654(a) additions to tax for failure to pay estimated tax. Petitioner offered no evidence regarding the section 6654(a)

---

[3]The record before us contains no evidence of petitioner's business experience, educational background, prior history of filing income tax returns, or dealings with the Internal Revenue Service, prior to 1994.

[4]In respondent's brief, he requests that we, on our own motion, impose an additional penalty under sec. 6673. Given the fact that petitioner has prevailed on the sec. 6651(f) issue, we decline respondent's invitation.

additions to tax, nor did he address this issue in his brief.  We therefore uphold respondent's determination on this issue.

<u>Decision will be entered for respondent with respect to the deficiencies and the additions to tax under section 6654(a) and for petitioner with respect to the additions to tax under section 6651(f)</u>.